CITY OF CALIFORNIA, Appellant, v. JOHN P. BURKE.

Division One, March 14, 1922.

1. **TOWN PLAT:** Dedication: Intention of Dedicator. The execution and recording of a plat of an addition to a town or city, by the owner of the land therein described, in accordance with the provisions of Chapter 158, Revised Statutes 1855, constituted a valid dedication to public use of all streets and other public places designated as such therein.

2. ———: ———: ———: Ambiguity: Parole Evidence to Explain. If there was any ambiguity as to the intention of the dedicator, as expressed upon the face of such plat, with reference to what was dedicated to public use, then parole evidence was competent to show how the dedicator and the public had treated the dedication and what they had done under the provisions thereof.

3. ———: ———: ———: Case Adjudged. Defendant's ancestor in 1858 executed and had recorded a plat of an addition to the city of California, complying with the provisions of Chapter 158, Revised Statutes 1855, in that regard. The lots were numbered and their length and width were shown. South of these lots and running east and west the plat showed a street named Patrick Street, the width of which was given at the west end, but not at its east end.

South of this street the plat showed a railroad right of way, and the eastern boundary of the plat as Owens Street. The plat showed a small triangular tract of land separated from Patrick Street by a dotted line and bounded on the south by the railroad right of way and on the east by Owens Street. This tract was not numbered and its dimensions were not shown on the plat. Owens Street was opened and established across the east end of this tract long after the plat was filed. There was evidence that the tract has been used as a part of Patrick Street until shortly before this suit was filed, when defendant fenced it up, except the part in Owens Street and a part deeded to the city by defendant for water works purposes. There was also evidence that defendant from the time he became of age in 1878 claimed title to it, exercised acts of ownership over it, had the weeds and grass cut and removed from it each year, granted permission to various persons to use it, and paid taxes on it. The city also had assessed it as his property with a special sewer tax, which he paid. The trial court found for defendant, and its judgment is affirmed.

Appeal from Moniteau Circuit Court.—*Hon. J. G. Slate,*
Judge.

AFFIRMED.

*J. B. Gallagher* for appellant.

(1) The plat, acknowledged and filed by John Burke June 18, 1858, was a statutory dedication of the land to the appellant city. Secs. 1, 8, Chap. 158, R. S. 1855; Otterville v. Bente, 240 Mo. 295, 296; California v. Howard, 78 Mo. 88; Sec. 9284a, Laws 1921, p. 557; Hardin v. Ferguson, 271 Mo. 415; Buschmann v. St. Louis, 121 Mo. 523. (a) A statutory dedication of streets, alleys and commons by a properly executed and recorded plat is irrevocable by either dedicator or his heirs. Hatton v. St. Louis, 264 Mo. 643. (b) After such dedication, neither the dedicators, nor any one claiming under them could change the boundaries of the streets and alleys. Brown v. Carthage, 128 Mo. 17. (c) In construing plats of this character we must give effect to the plain meaning and intent they exhibit by their outlines as well as by their words. Brown v. Carthage, 128 Mo. 23; Busch-

mann v. St. Louis, 120 Mo. 536; Caruthersville v. Huff-
man, 262 Mo. 375; Zinn v. Sidler, 268 Mo. 688; Secs.
8473, 8498, R. S. 1919; Sec. 5, p. 365, Laws 1857. (d)
Where the filing of maps and plats was insufficient as a
statutory dedication, but was followed by sale of lots by
the plat and acceptance of most of the streets, there was
a common-law dedication in entirety according to plat.
Otterville v. Bente, 240 Mo. 291; Twedell v. St. Joseph,
167 Mo. App. 547; Caruthersville v. Huffman, 262 Mo.
367; Hardin v. Cunningham, 226 S. W. 872; Hardin v.
Ferguson, 271 Mo. 414. (2) *Quasi*-public corporations
are not estopped by the illegal and void acts of their
limited statutory agents in assessing the city's property
and accepting the payment of taxes on the same. Stur-
geon v. Hampton, 88 Mo. 214; St. Louis v. Gorman, 29
Mo. 599; Hannibal v. Draper, 36 Mo. 337; Wright v.
Doniphan, 169 Mo. 613; Folk v. St. Louis, 250 Mo. 140.
(3) Respondent claims adverse possession of the land
in controversy since the year 1878. This court has defi-
nitely held in a long line of decisions that adverse pos-
session must begin prior to August 1, 1866, to be of any
aid in claiming land which had been dedicated to public
use. Hatton v. St. Louis, 264 Mo. 645; Sec. 1314, R. S.
1919; 13 Cyc. 500; Bobb v. St. Louis, 276 Mo. 68; St.
Joseph v. Railroad, 268 Mo. 58; Caruthersville v. Huff-
man, 262 Mo. 374; Robinson v. Korns, 250 Mo. 671;
Brown v. Carthage, 128 Mo. 10.

*John L. Burns* for respondent.

(1) At the time of the filing of the plat in con-
troversy, June 18, 1858, the law of dedication then in
force was that of 1855. Ch. 158, R. S. 1855. (2) The law
of dedication of property for public use is governed by
the intention of the owner to devote his property to such
purpose. 18 C. J. 52; Hardin v. Ferguson, 271 Mo. 410;
Bauman v. Boeckeler, 119 Mo. 189; Mo. Inst. v. How,
27 Mo. 211; Kansas City v. Ratekin, 30 Mo. App. 416;
9 Am. & Eng. Ency. of Law, 60. (3) The space left

blank in the plat by John Burke did not indicate an intention to dedicate such space to the public, but on the other hand, indicated that he intended to retain the property for his own use. Poole v. Lake Forest, 238 Ill. 305; Princeton v. Templeton, 71 Ill. 68; Coe College v. Cedar Rapids, 95 N. W. 267; Birge v. Centralia, 218 Ill. 503; Fisher v. Carpenter, 36 Kan. 184; McLaughlin v. Stevens, 18 Ohio, 94; Hurley v. Rum River Co., 34 Minn. 143; Duluth v. Railway, 49 Minn. 201. (4) Where the city lays claim to a common-law dedication or right by prescription, it is just as imperative for it to make proof of the common-law dedication or user by the public for the prescribed time, as it is to prove dedication by the owner. Baker v. Vanderburg, 99 Mo. 378; Bauman v. Boeckeler, 119 Mo. 189; Brinck v. Collier, 56 Mo. 160; Benton v. St. Louis, 248 Mo. 98; Vossen v. Dautel, 116 Mo. 379; 18 C. J. 72. Where the city lays claim to a street, alley or plat of ground by use of the public, the burden of proof is on the city to establish that user by clear and unequivocal evidence, so that the presumption that the title of the owner was retained by him is overcome. Landis v. Hamilton, 77 Mo. 554; Bauman v. Boeckeler, 119 Mo. 189; Baker v. Squire, 143 Mo. 92; Vossen v. Dautel, 116 Mo. 379; Paving Co. v. McManus, 244 Mo. 184. Where a city relies on an acceptance by user, the acceptance of a part does not establish acceptance of the whole street. Milling Co. v. Freeburg, 217 Ill. 384. (5) The action of the city officers in assessing and collecting taxes on the strip of land in controversy, merely goes to show that the city authorities did not regard the strip as belonging to the city, but indicates that the respondent was the owner and in possession of the strip of ground, and tends to defeat the presumption of dedication. Bauman v. Boeckeler, 119 Mo. 202; St. Louis v. Wetzel, 110 Mo. 260; L. R. A. 1916, p. 1175, note; Hillmer Co. v. Behr, 264 Ill. 568.

WOODSON, P. J.—The plaintiff brought this suit of ejectment in the Circuit Court of Moniteau County

against the defendant, to recover possession of a small tract of land situated in the city of California, hereinafter more particularly described. The cause was tried before the court, without a jury, and the findings of fact and judgment of the court were for the defendant; and in due time and proper form, the plaintiff appealed the cause to this court.

The facts are practically undisputed upon all issues, except as to the use and occupancy of the land in question, which was conflicting, as will later appear in a statement of the substance of the evidence upon that question.

It is conceded in both the pleadings and evidence that California, Missouri, is a city of the fourth class.

The controversy is over the possession of a small tract of land, triangular in shape, located in Burke's Addition to the city of California. On the 18th day of June, 1858, John Burke, father of respondent, made a plat of Burke's Addition to the city of California which he duly acknowledged and had filed and recorded in the Recorder's Office of Moniteau County, under the provisions of Chapter 158, Revised Statutes 1855. This plat was not approved by the common council of said city, and such approval was not required at that time.

By reference to the plat it will be seen that dedicator laid out certain lots for sale which were all numbered and their precise length and width were given. South of these lots and running east and west he laid out a street which he named on the plat as Patrick Street. The width of Patrick Street is given at the west end, but not at the east end. The plat is bounded on the south by the Missouri Pacific Railroad right-of-way and on the east by Owens Street. The disputed land lies at the southeast corner of Burke's Addition, between the right-of-way of the railroad and Patrick Street, and is bounded on the east by Owens Street. It is about one hundred and fifty feet in length, and about forty-five feet in width at the east end and fifteen feet at the west end. The plat shows

a little triangular tract of land separated from Patrick Street only by a dotted line and bounded on the south by the right-of-way of the railroad and on the east by Owens Street. On the plat it is neither numbered as a lot for sale, nor is its precise length or width given.

The plat mentioned is as follows:

The appellant tried the case on the theory that the disputed tract of land was dedicated to the city as a part of Patrick Street or commons by the plat of John Burke, as the same was not numbered as a lot for sale nor its precise length or width given, and that the dotted line was intended by the dedicator to indicate that Patrick Street was that much wider at the east end than at the west end, as the width of Patrick Street was not given at the east end.

Plaintiff's evidence tended to show that this tract of land had been used in connection with and as a part of Patrick Street since the filing of the plat of Burke's Addition, and had never been enclosed or in any way

separated from Patrick Street until a few weeks just prior to the institution of this case, when it was enclosed by a fence by the respondent, which prompted the institution of this suit by the city of California.

The evidence further showed that Patrick Street had been in use as a continuation of other streets of said city for many years, and that the sewer system of the city had been extended along it, and also that the lots in said Burke's Addition had been sold according to the plat.

Defendant's evidence tended to show: That at the trial it was stipulated and agreed between counsel for plaintiff and counsel for defendant, that John Burke was the common source of title. That is, that the city of California claimed its title to the real estate in controversy through John Burke by reason of Burke's Addition to the city of California, made, executed and recorded as before stated, while John P. Burke, respondent herein, claimed title to the real estate by reason of the laws of descent and distribution of this State, he being the only heir and his father having died intestate. That the triangular strip of land lies immediately north of the right of way of the Missouri Pacific Railroad, and as claimed by respondent, south of Patrick Street, which street extends the full length of the strip of ground, along the north side of said strip.

It will be noted from the plat as shown in appellant's abstract of the record that Patrick Street extends all along the southern side of lots platted in Burke's Addition, and this street is designated on the plat at its west end as being forty feet wide, while at the eastern end of Patrick Street there is no designation as to its width, as the street extends into another part or block of the city which was already platted and the street made of a certain width. It will further be noted that the testimony of Mr. Sprouce, one of appellant's witnesses, is to the effect that after a fence was built around the triangular strip of ground by John P. Burke, the distance from the fence so built to the line of the lots immediately north thereof, was forty feet and three inches, and that further

west at the western end of the fence built by Dr. Burke, along this triangular strip of ground, the street is forty-eight feet wide, showing that Patrick Street at all points is more that forty feet wide.

The later plat mentioned is as follows:

The plaintiff's plat introduced in evidence shows the land immediately north of the lots, streets and alleys platted, to be also inclosed and reserved by John Burke at the time, by means of a dotted line, and that open space contains some four acres of ground.

Owens Street was opened and established across the east end of Burke's Addition to the city of California a long time after the plat of the Burke's Addition was made and filed in the year 1858. From the time that Dr. Burke became of age in 1878, up and until the time of this controversy, he always claimed title to this triangular strip

of ground and exercised acts of ownership over it, by having the weeds cut and removed from it each year, and further by allowing and granting permission to certain persons to use the property, and by paying taxes upon the same. It is further shown by the evidence that in 1913, when a special sewer district was organized in the city of California, the city council of the city of California, found Dr. Burke to be the owner of this triangular strip of ground, and assessed a special sewer tax against it, which was evidenced by a special sewer tax bill, and which special sewer tax Dr. Burke paid. The description in the special tax bill was by metes and bounds description, covering the exact land here in controversy.

The contention of the counsel for the city of California was that by the filing of the plat by John Burke in 1858, he made a statutory dedication to the city of California of the triangular strip of land, and therefore that, from that time, the title was vested in the city. However, appellant further attempted and did offer evidence of user by the city of this tract of land as shown by the testimony of W. P. Handley.

The contention of the defendant is that: A careful reading of the testimony will show, however, that no use of this strip of land was ever made by the city of California other than by people walking across the corner of the land at the intersection of Owens and Patrick Streets, and that only for the purpose of taking a short cut from one street to another. It is the contention of the respondent that the east end of the triangular strip of ground was cut off by Owens Street, which right of way was given to the city by Dr. Burke's curator, and that a small portion of the extreme eastern point of the triangular strip of ground was used by the city for waterworks purposes, and that Dr. Burke gave a deed to the city covering the same. The fence as built by Dr. Burke was not built to a sharp point at its western end, and hence may account for certain testimony of Mr. Sprouce, who was city engineer of the city of California at the time of the trial. Respondent's contention is that the

plat made and filed by John Burke in 1858 did not dedicate this land to a public use, nor was it the intention of John Burke to so do, as shown by the fact that he separated this strip of land from Patrick Street by a dotted line, thereby reserving it to himself and not making it a part of the street.

I. I have in the statement of the case set out practically all the evidence which counsel for the respective parties have presented by which they contend to prove the issues in the case favorable to their respective sides.

I have also set forth many of the contentions of the respective parties, because those contentions throw much light upon the meaning and greatly help in the explanation of the plats introduced in evidence, which constitute the real basis upon which the result of this case must ultimately turn.

Dedication by Plat.

Most of the legal propositions presented for determination by this court are elementary, so much so, that it seems almost a waste of time to discuss them.

There can be no question but what the plat made by John Burke on the 18th day of June, 1858, referred to in the record as the "Plat of Burke's Addition to the City of California" constitutes a valid dedication of the streets and other public places, designated therein as such to the public. And in case of doubt as to any ambiguity as to the meaning of the dedicator, as expressed upon the face of the plat making the dedication, as to what is intended to be donated to the public, parole evidence may be resorted to, to show how each of the parties to the dedication have treated the dedication and what they have done under the provisions thereof.

It was long ago determined by this court that in determining the meaning of a written instrument, the acts of the parties thereto are entitled to great weight. [Patterson v. Camden, 25 Mo. 1, 1. c. 22.] And in the case of Scott v. Scott, 95 Mo. 300, NORTON, C. J., in discussing the same question on page 318, said: "It has been said by an eminent chancellor: 'Tell me what the parties have

done under a deed and I will tell you what that deed means.' " He cited Patterson v. Camden, supra, and continuing said: "I know of no better mode of ascertaining the meaning of a writing than is shown if all the parties acted on a particular meaning. So it may be said that this principle equally applies in the consideration of the question whether or not a deed has been delivered." There are numerous other decisions of this court and in text-books which are to the same effect, that is, that the law governing the dedication of real estate for public use is controlled by the intention of the owner, to devote the same to such purpose. [18 C. J. sec. 33, p. 52; Hardin v. Ferguson, 271 Mo. 410; Bauman v. Boeckeler, 119 Mo. 189; Mo. Institute v. How, 27 Mo. 211; Kansas City v. Ratekin, 30 Mo. App. 416; 9 Am. & Eng. Enc. Law, 60.]

From an inspection of the plats introduced in evidence it will be seen that there was no express dedication of the strip of land in controversy, nor do I understand counsel for the city to contend that there was an express dedication, but they do insist that since this strip was not marked at all and therefore nothing therein indicating whether it was public or private property, and as the filing of the plat was followed up by the city taking possession of the same, by the owner's acquiescence, and the using the same as a public street up to a few weeks prior to the institution of this suit, those facts show that it was the intention of the owner to dedicate the land for public purposes, and a corresponding intention on the part of the city officials to accept the same in the sense in which it was donated. If that was all that there is in this case we would be inclined to take the plaintiff's view of the case, but unfortunately for the city there is much more evidence preserved in this record tending to show that the defendant never surrendered possession of the land, but remained in possession of it all the time, and I presume is still in possession thereof. The defendant's evidence tended to show that he always cut the weeds and grass from the land, gave others permission to use it for private purposes, and paid the taxes on it.

for a number of years, and that the city by ordinance ordered a sewer to be constructed in the district in which the land was located. It was constructed, and thereafter the city issued special tax-bills against the land as the property of the defendant, which in due time he paid. There is other evidence tending to show acts of ownership exercised by defendant over the land in question; but we think we have commented upon sufficient parts thereof to show that there was evidence introduced upon each side of the question unquestionably sufficient to present a question of fact to the court for determination, and the court having found the issue for the defendant, there remains nothing further to do except to affirm the judgment of the circuit court. All concur.