Melvin **KELLY** et al., Plaintiffs-Appellants,

v.

**Lee F. SCHMELZ** et al., Defendants-Respondents.

No. 33068.

St. Louis Court of Appeals.

Missouri.

Feb. 3, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied March 25, 1969.

J. Kehlor Carr, Jr., Clayton, for plaintiffs-appellants.

Benson Cytron, House Springs, for defendants-respondents.

P. F. PALUMBO, Special Judge.

This is a suit brought by Melvin Kelly and Florence M. Jaris, owners of a parcel of land, seeking to enjoin defendants, Lee F. Schmelz and Katie Schmelz, his wife, from interfering with the installation of electric poles and wires thereon by the Union Electric Company on an easement held by plaintiffs over the land of defendants.

The trial court denied the petition and entered judgment for defendants. The plaintiffs have appealed.

The issues on appeal are whether injunction is the proper remedy and if so whether plaintiffs are entitled to the relief requested.

Plaintiffs are the owners of a parcel of land in Jefferson County, Missouri, consisting of 6.05 acres. The deed by which plaintiffs acquired the land describes the land and then further grants:

"Also, an easement 18 feet wide from the Northwest corner of above described tract Northwardly to the county road."

The country road—called Bony Mill Road—is approximately 900 feet North of plaintiffs' land. The location of the easement is not in dispute. It runs Northwardly from the Northwest corner of plaintiffs' land to Bony Mill Road, a distance of 900 feet. The plaintiffs have been using the easement as a private roadway for ingress and egress. The center line of this private roadway is the center line of the easement. The easement runs through land owned by defendants. Defendants' land, approximately 50 acres on each side of the roadway, is used by them for growing crops. A drainage ditch runs along the West side of the roadway. The center line of the ditch is about 3 feet from the West wheel track of the roadway.

Plaintiffs' land is adjacent to defendants' land on the North. Situated on plaintiffs' land is a house consisting of one large room and a screened-in porch. Plaintiff, Melvin Kelly, testified that he intended to add two rooms and a bath to the house, install a deep well and then move permanently into the house. He further testified that there is no electricity on his land and that he needs electricity to run a pump for a well, a deep freeze and other appliances. He applied for service to Union Electric Company of Missouri which services this section of Jefferson County. The company at present has poles and electric lines on the poles on the South side of Bony Mill Road approximately 900 feet from plaintiffs' land.

Plaintiff, Melvin Kelly, testified that he and three men from Union Electric went to see defendants; that one of the Union Electric men requested permission to install the poles and that Mrs. Schmelz said that he, meaning Melvin Kelly, "would never get electric." After plaintiff explained to defendants that he needed the electric for a deepfreeze and water, defendants again told him that he "would never get electric."

Plaintiffs offered testimony that there would be no damage to the defendants by the placement of the poles and wires thereon since defendants did not cultivate the area between the drainage ditch and the roadway.

A supervisor for Union Electric Company testified that his company intended to place three poles on the easement between the drainage ditch and the roadway with the poles located 6 feet from the center line of the easement. He further testified that he and plaintiff, Melvin Kelly, talked to one of the defendants and asked if he could place the poles on the easement but that permission was refused and the following reasons given: that they "would have obstructed the fields; that Mrs. Schmelz had lived there without electricity." The supervisor stated that there was no other way to bring in electricity to plaintiffs.

On cross-examination by defendants the supervisor testified that Union Electric and Southwestern Bell Telephone Company have a working agreement whereby each uses the other's poles and that Southwestern Bell attempted to place poles on the right-

of-way but was refused. On further cross-examination the supervisor identified Defendants' Exhibit B as being a request from Union Electric to Southwestern Bell which bore the notation of Southwestern Bell "Right of way refused." "Attempted to place pole and Right of Way refused by Mrs. Schmelz." He was also asked by defendants whether they (Southwestern Bell) attempted to place the poles on the easement and he testified they did so attempt to place the poles.

Defendants' evidence consisted of the testimony of defendant Katie Schmelz and her daughter Laverne Buckmiller. Katie Schmelz testified that both sides of the private roadway leading to plaintiffs' place were used for crops; that she and her husband had no electricity when they moved into their place in 1947; that her husband used the private roadway for farm equipment when he harvests. Laverne Buckmiller identified the exhibits showing the roadway leading to plaintiffs' property. She further testified to the placement of stakes and that the location of the stakes represented where the poles were to be set and that the placement of the stakes indicated that the poles would be placed in the drainage ditch and not between the ditch and the roadway.

■ This is a proceeding in equity. The Appellate Court on review is required to review the evidence de novo and arrive at a result that should have been reached on evidence adduced with due deference accorded chancellor in his determination of factual questions. Winslow v. Sauerwein, Mo.App., 285 S.W.2d 21.

That the plaintiffs own an easement and the location of the easement are not in dispute.

■ Injunction is a proper remedy for an interference with a right-of-way whenever injury complained of is irreparable, the interference is of a permanent and continuous character or the remedy at law by an action for damages will not afford adequate relief. Sec. 526.030, RSMo, 1959, V.A.

M.S.; Winslow v. Sauerwein, supra; Patterson v. Wilmont, Mo., 245 S.W.2d 116.

■ The easement herein while used as a roadway by plaintiffs contains no limitations as to its use. It is in the nature of a general easement. An independent research by us disclosed no Missouri cases where the grant of the easement was "General." However, where the grant is specifically for a "way or roadway," but without limitation, Missouri follows the rule as set out in 28 C.J.S. Easements § 87, pages 766–767: " * * * where a way is granted or reserved without limitation as to its use, it will not necessarily be confined to the purpose for which the land was used at the time the way was created, but may be used for any purpose to which the land accommodated by the way may naturally and reasonably be devoted. * * * The grantee is entitled to vary his mode of enjoying the same, and from time to time avail himself of modern inventions if by so doing he can more fully exercise and enjoy or carry out the object for which the way was granted. * * * "

The Supreme Court of Missouri in Stotzenberger v. Perkins, 332 Mo. 391, 58 S.W.2d 983, a case involving a dispute over a specific grant of a roadway easement, stated (l. c. 987): "As the owner of the dominant estate, the defendant has, under our interpretation of the deed, the right to put and maintain the roadway strip in a condition for passage thereon and the right to free passage on such portions or all of the way as he thinks proper or necessary to make repairs, *or for any purpose connected with the enjoyment of his estate* * * *."

We were unable to find any Missouri cases dealing with the factual situation in the instant case. However, in the case of Davis v. Jefferson County Telephone Co., 82 W.Va. 357, 95 S.E. 1042, a West Virginia case, decided by the Supreme Court of Appeals, there was a specific grant of way and the owner of the dominant estate wanted to place telephone poles on the

roadway. Davis filed action to require the Telephone Company to remove poles erected or to be erected along and over the right-of-way. The trial court granted him an injunction. The appellate court reversed and in so doing held: "Injunction will not lie against telephone company employed by owner of a right of way to restrain it from erecting poles and wires along and over such way to provide the owners thereof with private telephone service at his place of residence on the land to which such way is appurtenant."

In a more recent case, Fleming v. Napili, Kai, Ltd., 430 P.2d 316, the Supreme Court of the State of Hawaii, in a proceeding to enjoin owners of lots adjoining a road from excavating road and converting it into a ditch and to compel the owners to restore the road to the condition that existed prior to the excavation, the appellate court in reversing the trial court held: "Courts have held that a grant or reservation of an easement of right of way in general terms should be construed as creating a general right of way for all reasonable purposes." The court cited with approval the West Virginia case of Davis v. Jefferson County Telephone Co.

In the case of New York Central R. R. Co. v. Yarian, 219 Ind. 477, 39 N.E.2d 604, the Supreme Court of Indiana, in construing a reservation to maintain a farm crossing over land conveyed in fee for railroad right of way, at page 607 held, "that the reservation of a farm crossing is broad enough to permit the bringing in of a conduit underground for the purpose of supplying electricity."

In the case of Dowgiel v. Reid, et al, 359 Pa. 448, 59 A.2d 115, the Supreme Court of Pennsylvania stated at page 121 that use of a private roadway for transmission of electricity from the power line on the main highway to a home " * * * is a reasonable and natural use of the private road for the purpose for which it was created, to-wit: to enable the owners and occupants of the premises to which the road is appurtenant to obtain something which is essential to the livableness of the home, to-wit: electricity the same obtainable only by the means above stated * *."

In the instant case the defendants offered no evidence that the placing of the poles and wires would result in any damage to them. The defendants in their brief admit that they refused to grant permission to Union Electric Company acting in behalf of plaintiffs and they do not challenge the appellants' statement of the law applicable to the issuance of injunctions. They contend, however, that there has been no showing of interference with the rights of plaintiffs. The refusal of defendants to permit Union Electric, acting for the owner of the easement, to place the poles on the easement and defendants' verbal act in stating that plaintiff would never get electric, effectively precluded the obtaining of electricity by plaintiffs and we think constituted an interference with plaintiffs' use of the easement. They are entitled to injunctive relief.

The defendants should be enjoined from interfering with the plaintiffs or their agents in the placing of the poles and wires thereon described in plaintiffs' petition on the above described easement. Judgment of the trial court is reversed and the cause is remanded with directions to enter judgment in accordance with the views herein expressed.

ANDERSON, P. J., and RUDDY, J., concur.

WOLFE, J., not participating.