Norman L. GOAD et al., Plaintiffs-Appellants,

v.

Bobby BENNETT et al., Defendants-Respondents.

No. 34215.

Missouri Court of Appeals, St. Louis District.

April 25, 1972.

Dearing, Richeson, Roberts & Wegmann by John A. Schneider, Hillsboro, for plaintiffs-appellants.

Benson Cytron, House Springs, for defendants-respondents.

PER CURIAM:

This case concerns plaintiffs' right to drive their dump trucks over the roadways of a subdivision. This to afford access to plaintiffs' undeveloped six-acre tract therein, from which tract plaintiffs hauled topsoil. On occasions plaintiffs hauled as many as 25 loads a day but never more than 200 loads in a single year. Trouble began when the defendant lot owners protested that plaintiffs' trucks were damaging the roadways and thereafter put barricades across the two roads serving plaintiffs' tract.

Plaintiffs sued to enjoin defendants from blocking the roadways. By counterclaim defendants sought to enjoin plaintiffs from driving dump trucks over the subdivision roadways.

The issue throughout this litigation was the parties' respective rights to use the roadways of Big River Hills. The rights of each sprang from the platting of that land by the original owner. Plaintiffs pleaded the platting gave all parties "an implied grant of an easement" over the roadways and prayed for an injunction against the defendants interfering with plaintiffs using the roadways. By their counterclaim defendants pleaded plaintiffs' use of the roadways would "destroy the residential character of Big River Hills" and prayed for an injunction to restrain plaintiffs from using the roadways. The

trial court found that all parties had an easement over all roads "for uses consistent with residential development" and enjoined plaintiffs from using the roadways for any other purpose. This barred plaintiffs from all use of their tract as a source of topsoil, its only practical use. Plaintiffs appeal, contending the court erred in limiting their implied easement and thereby denying them the beneficial use of their property.

"Big River Hills" is a subdivision in an unincorporated area of Jefferson County. In 1929 Hilda M. Straub, then the owner of approximately 60 acres, had her land surveyed and platted in accordance with §§ 9283 to 9286, RSMo 1919, (now §§ 445.-010 to 445.040, RSMo 1969, V.A.M.S.). The plat was duly certified by surveyors, acknowledged by the owner and recorded. The plat shows 88 numbered residential lots, two commercial lots and the unnumbered six-acre tract now owned by plaintiffs. One pre-existing north-south county road bisected the subdivision. Fingering out each side of the county road are four platted, named roadways giving each lot access to at least one roadway. "Beach Drive" and "Meadow Lane" afford access to plaintiffs' tract. This unimproved, triangular tract is bounded on the west by residential lots, on the south by "Beach Drive" and on the north and east by Big River.

Plaintiffs' tract lies in the flood plain of Big River. Frequent flooding makes the tract unsuitable for either construction or agriculture. But the floods regularly deposit silt in substantial quantities and plaintiffs remove this silt for topsoil in their home-building operations. The tract is worthless for any other purpose.

■ By her acknowledgement on the plat Hilda Straub imposed restrictions as to building lines and limiting construction to residences except on the two commercial lots. A 50-foot strip along Big River was set apart as a playground and beach for lot owners and their guests. Mrs. Straub

further reserved to herself an easement for utilities over and across all roadways shown on the plat. The plat makes no other reference to the platted roadways or the use thereof. We hold that by this instrument the original purchaser of plaintiffs' six-acre tract was granted an easement over the subdivision roadways giving access thereto. This was an easement "running with the land" and is now an easement in favor of plaintiffs. Beldner v. General Electric Company, Mo., 451 S.W.2d 65 [6–9].

In Kelly v. Schmelz, Mo.App., 439 S.W.2d 211 [3], we said: ". . . where the grant is specifically for a 'way or roadway,' but without limitation, Missouri follows the rule as set out in 28 C.J.S. Easements § 87, pages 766–767: '. . . where a way is granted or reserved without limitation as to its use, it will not necessarily be confined to the purpose for which the land was used at the time the way was created, but may be used for any purpose to which the land accommodated by the way may naturally and reasonably be devoted. . . .' "

The quiet-title case of Larkin v. Kieselmann, Mo., 259 S.W.2d 785, concerned a subdivision wherein the original owner, Joseph Weigand, filed a plat showing a 60-foot private road abutting lot one. Weigand conveyed lot one to defendants' predecessors in title; later, Weigand's heirs conveyed half of the roadway to plaintiff by warranty deed. The court said: "The question for decision is whether the conveyance of lots by reference to a recorded plat, on which a tract of land 60 feet wide and 460 feet long is designated as a private street, creates a perpetual easement therein for street purposes in the purchasers of lots abutting on the tract and their successors in title. . . . Plaintiff says an easement can be created only by grant and that there must be a dominant and servient estate, citing Gardner v. Maffitt, 335 Mo. 959, 74 S.W.2d 604, 95 A.L.R. 452; Zinser v. Lucks, 361 Mo.Sup. 671, 235 S.W.2d 844; Marshall v. Callahan, 241

Mo.App. 336, 229 S.W.2d 730; and seems to take the position that there was neither a specific grant by Joseph Weigand nor a reservation in the deed to plaintiff which could create an easement in defendants or their predecessors in title. However, when property sold is described in a conveyance by reference to a plat upon which streets are shown, there is an implied grant of an easement therein which is deemed a part of the property to which the grantee is entitled. 17 Am.Jur. 958, Sec. 47; 28 C.J.S. Easements § 39, p. 701. 'If one conveys lots by a map or plat, which represents the lot as bounded upon such road or way, and the map or plat is referred to in the deed, a right of way over it passes as part of the grant of each lot as an easement appurtenant thereto. * * * The plan or map so referred to becomes an essential part of the conveyance, and has the same effect that it would have if copied into the deed. * * * A plan or map showing a street or public square cannot subsequently be changed so as to affect the rights of one who has purchased with reference to such plan or map, without his assent.' (Citing cases). As these authorities show, such an implied grant operates in favor of the grantees regardless of whether there is a dedication to the public. * * * "

Similarly, the case of Winslow v. Sauerwein, Mo.App., 285 S.W.2d 21, concerned the rights of lot owners in a subdivision to use a platted roadway adjoining their lot. The court posed this question: "Do the plaintiffs have and own an easement in the private street?" And then answered: "It is now well settled that 'when property sold is described in a conveyance by reference to a plat upon which streets are shown, there is an implied grant of an easement therein which is deemed a part of the property to which the grantee is entitled.' * * Plaintiffs acquired their lot by a description which referred to the plat of Hillcrest No. 3 Subdivision, therefore, we hold that plaintiffs, as owners of a lot abutting on said street acquired an easement therein in common with the owners of other lots in said subdivision also abutting on the private street." See also Smith v. City of Hollister, 241 Mo.App. 379, 238 S.W.2d 457 [10].

In Guitar v. St. Clair, 238 Mo. 617, 142 S.W. 291, l. c. 293, the court said "the plat is in that respect a common source of title, and a purchaser of a lot after the plat is filed acquires a right to the streets and alleys, in so far as they affect his property. The plat is not to be taken to pieces; it is to be taken as a whole, and the rights of the city and individuals, in so far as they are derived from the plat, date from its filing." See also City of California v. Burke, 292 Mo. 466, 239 S.W. 830 [1, 4].

■ Recorded plats are to be interpreted against the dedicator's interest and in favor of the purchasers. This in accord with Schell et al. v. City of Jefferson, 357 Mo. 1020, 212 S.W.2d 430, l. c. 435: "Plats 'must be construed fairly and reasonably . . .; they are to be construed as a whole in order that the intention of the party may be ascertained . . .; no part of the plats is to be rejected as meaningless, if it can be avoided, and lines as well as words are to be considered; and all doubts as to the meaning of the plat and any conflict on its face will be construed most strongly against the dedicator.' "

■ Here Mrs. Straub platted open named roadways reaching each tract in the subdivision. As previously noted she did make certain restrictions and reservations, but not a word limits the right to use the platted roadways. Neither the plat nor the evidence shows any ground for the limited use prescribed by the trial court. Certainly nothing shows the plaintiffs were ever limited to use the roadways for "residential development" in ingress and egress to and from their tract over "Beach Drive" and "Meadow Lane."

We hold that under the pleadings and facts here presented plaintiffs were entitled to drive their trucks on "Beach Drive" and "Meadow Lane" for ingress and egress to and from their tract and that the defendants wrongfully barricaded those

roadways. It follows that the trial court's decree must be reversed with instructions to enter a new decree dissolving the injunction against plaintiffs and enjoining the defendants as prayed by plaintiffs.

All concur, except WEIER, J., not participating.