**Gerald A. BLOCK, et al., Appellants,**

v.

**Michael F. GALLAGHER, Respondent.**

**No. ED 79734.**

Missouri Court of Appeals, Eastern District, Division Five.

April 2, 2002.

Tracy Hunsaker Gilroy, The Gilroy Law Firm, St. Louis, MO, for appellants.

Stanley J. Wallach, The Wallach Law Firm, Jerome Wallach, St. Louis, MO, for respondent.

JAMES R. DOWD, Chief Judge.

The Gallagher Family Realty Corporation (GFRC), as part of its plan to subdivide a tract of land, paved over a gravel road within the boundaries of an easement it shared with nine others. After the road was paved, Jerry Block and his wife, Anne Marie G. Block (the Blocks) sued seeking an injunction requiring GFRC to "obliterate the concrete paving" and "return all land to its original condition" and a judgment relieving them from all obligations under a Road Maintenance Agreement. The trial court granted defendants' motion for summary judgment. The Blocks now appeal. We affirm.

When considering an appeal from a grant of summary judgment we view all evidence and draw all inferences in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.1993). That evidence and those inferences are as follows:

The Blocks' predecessors in title owned an 80–acre tract of farmland in northeast Jefferson County bordering on Saline Road. By warranty deed dated February 21, 1986 they conveyed the "back" portion of the tract to defendants Michael F. Gallagher and Linda R. Gallagher, his then wife. The deed also conveyed an easement forty feet wide "for road and utility purposes" over a described strip of land extending to Saline Road. Without this easement the Gallaghers' land would have no road access.

On March 8, 1987 the grantors executed an "Easement Deed" to the Gallaghers, conveying an easement described as "for road and utility purposes," with an attached sketch showing its parameters. The Gallaghers then built a gravel road on the easement at their own expense. On April 9, 1987 the ten owners of both the front and back portions executed a "Road Maintenance Agreement" relating to Vince Ann Lane, the name of the gravel road

that had been built on the easement. The maintenance agreement provided that the "street" was to be maintained "in a first class condition for the benefit of each and all the owners." The instrument contained no limitations or restrictions on the use or enjoyment of the easement. Plaintiff Gerald A. ("Jerry") Block, then single, was one of the signers of the agreement.

The owners of the front portion subdivided their land into lots and conveyed them to members of their family. Some of these new owners built residences on their lots and used Vince Ann Lane for access to Saline Road. One lot was conveyed to Jerry Block, who did not need Vince Ann Lane for access to his property.

In 1997, the Gallaghers transferred the back portion to Gallagher Family Realty Corporation, (GFRC), the present owner, which undertook to subdivide the tract and to sell lots to prospective homeowners. The corporation built a paved road within the boundaries of the easement, replacing the gravel road. The county authorities required that the road be paved as a condition of approval of the subdivision plat. Jerry Block objected to the concrete road and at one point pulled up the survey stakes, forcing the contractor to replace them.

After the road was paved, Jerry Block and his wife, Anne Marie G. Block, brought suit in three counts. Count I sought an injunction requiring GFRC to "obliterate the concrete paving" and "return all land to its original condition." Count II sought a judgment relieving the plaintiffs from obligations under the Road Maintenance Agreement. Count III was dismissed by the trial court as moot and is not involved in this appeal.

The defendants moved for summary judgment, supported by exhibits and affidavits. The motion was sustained as to Counts I and II and final judgment was entered accordingly. The Blocks appeal from this ruling.

■ To obtain summary judgment movants must demonstrate that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. *ITT Commercial Finance Corp.*, 854 S.W.2d at 381. Here the Blocks do not point to any genuine issue of material fact, and do not challenge the defendants' exhibits and affidavits in the manner required by Rule 74.03(e). Their quarrel is with the trial court's application of the law. Their sole Point Relied On reads as follows:

> The trial court erred in summarily finding that defendants could unilaterally alter the character of the road easement from a gravel road to a concrete roadway without the consent of plaintiffs, who were co-owners of the easement, because such alteration was in violation of the road maintenance agreement, and such alteration changed the nature of plaintiff's property and the nature of plaintiff's legal rights and obligations without plaintiff's consent.

The only "easement" case cited in support of this proposition is *Lorenc v. Swiderski*, 109 N.J.Eq. 147, 156 A. 465 (1931). This decision by a court of first instance is at variance with the uniform course of Missouri decisions, and, apparently, with the great weight of modern authority. *See* 28 C.J.S. Easements Sec. 87, and cases cited in *Kelly v. Schmelz*, 439 S.W.2d 211, 213–214 (Mo.App.1969).

Our cases uniformly hold that, absent qualifying language, the owners of a dominant estate[1] are not confined to the uses

---

1. The plaintiffs complain about the use of the    term "dominant estate" in describing the

existing at the time an easement is created, but may use the easement to further any lawful use of their land. *Kelly*, 439 S.W.2d at 213 (holding that the owners of the dominant estate had the right to build utility poles along side of a road easement); *Burgess v. Sweet*, 662 S.W.2d 916, 919 (Mo.App.1983) (specifically holding that the owner of a dominant estate was not precluded from subdividing property, even though the volume of traffic might increase substantially); *Heigert v. Londell Manor*, 834 S.W.2d 858, 868 (Mo.App.1992) (holding that increase in vehicular traffic arising out of the subdivision of the dominant estate was reasonably foreseeable and so did not restrict the rights of the dominant owner). *Copanas v. Loehr*, 876 S.W.2d 691, 696 (Mo.App.1994) states emphatically that any doubt concerning an easement's scope should be resolved in favor of "the free and untrammeled use of the land."

The Blocks argue that they are co-owners of the easement and that their consent is required for the paving of the road. No authority is cited for this proposition. The cases cited above demonstrate that all co-owners are equally entitled to make lawful use of their easement. This includes the right to upgrade or improve the installations on the easement, so long as the rights of others sharing the use of the easement are not infringed. The Blocks complain only of the increased traffic by reason of the subdivision of the back portion. Under the cases cited above, this is not a valid objection. They had no legally protectable expectancy that the Gallaghers and their successors would continue to use the back portion for a horse farm, or for

any other particular use, or that the level of traffic would not be increased.

The Blocks also complain about the court's refusal to excuse them from further obligations under the Road Maintenance Agreement, as they had requested in Count II. The judgment on that count simply declares that they are not relieved of whatever obligations they have under that agreement. In order for this court to rule on the Blocks' obligations under the Road Maintenance Agreement, there must be a "real, substantial, presently existing controversy admitting of specific relief as distinguished from an advisory or hypothetical situation." *Akin v. Director of Revenue*, 934 S.W.2d 295, 298 (Mo. banc 1996). No demands have been made on the Blocks based upon the Road Maintenance Agreement and so the issue of whether the Blocks may be held liable to maintain the road is hypothetical. Any opinion on a hypothetical is advisory and we are barred from issuing advisory opinions. *George v. Brewer*, 62 S.W.3d 106, 109–10 (Mo.App.2001). If specific maintenance questions are presented in the future they may be adjudicated then.

The judgment is affirmed.

PAUL J. SIMON and MARY K. HOFF, JJ., concur.

back portion. At the time the easement was created the back portion, by conventional usage, was the dominant estate because it had no interest in the fee of the land burdened by the easement. Even though the interest of the new owners of the front portion might also be considered "dominant" owners, the rights of the owners of the back portion would not be diminished.