POMONA MOBILE HOME PARK, LLC, Respondent,

v.

Harvey JETT, Appellant.

No. 28817.

Missouri Court of Appeals, Southern District.

Oct. 8, 2008.

Steven Privette, Willow Springs, for Appellant.

Raymond M. Gross, Pointer Law Office, P.C., Gainesville, for Respondent.

DANIEL E. SCOTT, Presiding Judge.

This dispute involves the southernmost east-west road (commonly known as Road 5140) shown in the recorded plat of

Bryan's Subdivision in Howell County. A subdivision survey is appended to this opinion, with our notation of "Road 5140" thereon, to aid the reader's understanding of the following facts and case background.[1]

### Facts and Background

Etna Bryan recorded the plat of Bryan's Subdivision in 1966. The platted property was divided into Blocks 1 through 5 (north to south), with east-west roads 40 feet wide between the blocks, and Blocks 2 through 5 further divided into multiple lots.

Over three years later (August 1969), Ms. Bryan deeded to Kenneth and Katy Thompson most of the platted property, specifically including all of Blocks 1, 2, and 3; all of the north half (Lots 1, 2, and 3) of Block 4, plus in the south half thereof, the east half of Lot 5; and Lots 2 and 3 in Block 5. These Block 5 lots abutted the platted road now known as Road 5140 on the south; similarly, the east half of Lot 5 in Block 4 abutted Road 5140 on the north. The Bryan–Thompson deed excluded the other 2½ Block 4 lots along the road's north side, and the remaining Block 5 lot south of the road, all of which Ms. Bryan presumably retained.

The following month (September 1969), Ms. Bryan purported to dedicate to the public all of the subdivision's platted streets.[2]

Plaintiff and Defendant each now own platted lots bordering Road 5140. Defendant owns all of Block 5 along the road's south side, plus Block 4, Lot 6 to the

---

1. We also will refer to the parties by their designations below—appellant as "Defendant" and respondent as "Plaintiff."

2. Oddly enough, the county court's approval was dated September 9, 1969, 17 days before Ms. Bryan's purported dedication on September 26, 1969.

north, where Defendant lives.[3] Plaintiff owns Block 4, Lot 5—immediately east of Defendant's residence lot—and most of the remaining platted property, including all of Blocks 1, 2, and 3 where Plaintiff operates a trailer park.[4]

In the 1990's, the trailer park's prior owner placed a culvert to connect Road 5140 with an unplatted north-south road running through his part of Block 4, giving the trailer park additional road access.[5] After a short time, Defendant removed the culvert, again rendering Road 5140 inaccessible from the trailer park.

After acquiring the trailer park and conferring with county officials, Plaintiff installed another culvert in 2005, which Defendant again removed. Plaintiff filed an injunction action, citing Ms. Bryan's public dedication and the county's acceptance in 1969; alleging that Road 5140 was a public road; and seeking, *inter alia*, to enjoin Defendant from interfering with "Plaintiff's access" thereto "from Plaintiff's private drive." In defense, Defendant claimed he was the fee simple owner of Road 5140 by deed; that Ms. Bryan's "dedication" of the road was ineffective as she previously deeded away her interest therein; and there also was not ten years' continuous public use as required by § 228.190.1.[6]

After a trial, the trial court found Ms. Bryan's dedication effective; declared Road 5140 "a public road by statutory dedication;" and in pertinent part, ordered Defendant not to interfere with Plaintiff's culvert or driveway and "to permit Plaintiff access" to Road 5140.

3. Defendant's land technically is held in a revocable trust for the benefit of Defendant and his spouse.

4. A third party, not involved in this litigation, owns the remaining lot (Block 4, Lot 4) abutting Road 5140.

## Standard of Review

Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), under which we must affirm the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. As we are more concerned with the correctness of the result than how it was reached, we will affirm if the judgment is cognizable under any theory, even if the reasons advanced by the trial court are wrong or not sufficient. *Business Men's Assur. Co. v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999); *Basham v. City of Cuba*, 257 S.W.3d 650, 653 (Mo.App. 2008).

## Analysis

Since the trial court deemed Road 5140 "a public road by statutory dedication," the parties initially framed this appeal in those terms. But the salient issue, for the injunction specifically sought and granted, has become whether Plaintiff can use the road. As shown below, although the evidence fails to establish Road 5140 as a public road, the injunction is proper given Plaintiff's private right of use as an adjoining landowner.

### No Public Dedication

▇▇▇ Conveyance of a platted lot generally is presumed, subject to rebuttal, to include fee title to the center of adjoining streets or roads. *See, e.g., Ruddick v. Bryan*, 989 S.W.2d 202, 205–06 (Mo.App. 1999); *Prewitt v. Whittaker*, 432 S.W.2d

5. The trailer park was not landlocked. There already was, and still is, road access from another direction.

6. RSMo (2000). The parties stipulated that § 228.190.2 (2006 Supp.) did not apply.

240, 243–44 (Mo. banc 1968); *American Steel & Wire Co. v. City of St. Louis,* 354 Mo. 692, 190 S.W.2d 919, 923 (1945); *Snoddy v. Bolen,* 122 Mo. 479, 25 S.W. 932, 934 (1894). Our supreme court, both long ago and relatively recently, has noted " '[this] rule is of the utmost importance, and is necessary to prevent afterthought strifes and litigation ... over detached strips and gores of land, generally of no value to any one save the lot owner.' " *Prewitt,* 432 S.W.2d at 243 (quoting *Snoddy,* 25 S.W. at 934).

No evidence rebuts the presumption in this case.[7] To the extent Ms. Bryan thus conveyed fee title to most of the subdivision's platted roads in August 1969—including the full width of part of Road 5140—she retained no interest therein to publicly dedicate one month later. Furthermore, the record belies ten years' continuous public use of Road 5140. Thus, the trial court's finding that Road 5140 is "a public road by statutory dedication" is unsupported by substantial evidence and cannot stand. *Cf. Smith v. City of Hollister,* 241 Mo.App. 379, 238 S.W.2d 457, 463 (1951)(public street dedication defeated by owner's conveyance of platted land before city accepted owner's offer to dedicate streets to public use). Failure to show public use or acceptance of Road 5140 prior to Ms. Bryan's August 1969 conveyance likewise defeats Plaintiff's alternative argument of a common-law dedication. *Smith,* 238 S.W.2d at 461–62, 463.

### *Private Access Rights*

 Nonetheless, when property is deeded "by reference to a plat upon which streets are shown, there is an implied grant of an easement therein which is deemed a part of the property to which the grantee is entitled." *Larkin v. Kieselmann,* 259 S.W.2d 785, 788 (Mo.1953), *quoted in Anderton v. Gage,* 726 S.W.2d 859, 864 (Mo.App.1987) and *Goad v. Bennett,* 480 S.W.2d 77, 80 (Mo.App.1972). The plat is deemed incorporated into the deed, creating an easement appurtenant which benefits the grantee even absent a public dedication. *Larkin,* 259 S.W.2d at 788. However, the general public acquires no right in such streets thereby. *See Anderton,* 726 S.W.2d at 864; *Winslow v. Sauerwein,* 285 S.W.2d 21, 24 (Mo.App. 1955).[8]

Plaintiff's deed (and all others admitted at trial) conveyed by reference to the recorded Bryan Subdivision plat. Thus, it implicitly includes a private easement for Plaintiff to use Road 5140 (*Larkin* ), which does not inure or extend to the general public (*Anderton, Winslow* ). As previously shown, the record also fails to establish that Road 5140 is a public road.

### Conclusion

Plaintiff alleged that Road 5140 was "public," but its petition in pertinent part prayed only to enjoin Defendant from interfering with "*Plaintiff's* access" thereto "from *Plaintiff's* private drive" (emphasis ours). Likewise, the trial court erred in finding that Road 5140 was "public," but its judgment in pertinent part merely ordered Defendant "to permit *Plaintiff* access" (emphasis ours) to Road 5140 and

---

**7.** Ms. Bryan's attempt to dedicate 40–foot strips to public road use, of itself, implies no plan or intent to keep fee ownership of "detached strips and gores" should, for example, such roads be vacated in the future.

**8.** For more on this and related subjects, *see* Annotation, *Conveyance of lot with reference to map or plat as giving purchaser rights in indicated streets, alleys, or areas not abutting his lot,* 7 A.L.R.2d 607 (1949 & 2008 supp.). *See also* 25 AM.JUR.2D Easements and Licenses § 21.

not to interfere with Plaintiff's culvert or driveway.

Since Plaintiff's road access was the relief requested and granted, the injunction is proper based on Plaintiff's private right of use, despite any error in declaring the road "public." Thus, we vacate the trial court's finding that Road 5140 "is a public road by statutory dedication;" affirm the judgment otherwise; and remand the case with directions for the trial court to enter an amended judgment in conformity with this opinion.[9]

BARNEY and BATES, JJ., Concur.

9. We understand this may not fully resolve the parties' underlying dispute. However, from the briefs on appeal and on the pleadings and record below, this court cannot now address, among other issues suggested at oral argument, the proper scope or extent of Plaintiff's private access rights, including use by trailer park residents or guests.