JEANNETTE V. GARDNER, widow and successor in interest of FREDERICK D. GARDNER, v. THOMAS S. MAFFITT and SARAH P. MAFFITT, Appellants.—74 S. W. (2d) 604.

Division One, September 18, 1934.

960

*Paul Bakewell, Jr.*, for appellants.

*Bryan, Williams, Cave & McPheeters* for respondent.

ATWOOD, P. J.—This is an appeal from a judgment in favor of plaintiff, Frederick D. Gardner, in an equity proceeding to remove the cloud of a building line restriction from Lot A of Rex Subdivision of the north half of Block 3892 in the city of St. Louis, Missouri. Plaintiff died after the appeal was allowed and before its submission and Jeannette V. Gardner, his widow and successor in interest herein, was substituted as party respondent.

The lot in question was a part of land owned and platted as a subdivision by the Rex Realty Company, plat thereof being filed October 3, 1895, and recorded in plat book 15 at page 86 in the office of the Recorder of Deeds of the City of St. Louis, embracing lots designated thereon as A, B, C, D, E, F, G, H, I, J, K, L and M of Rex Subdivision of the north half of Block 3892. The following paragraph appears in the certificate indorsed upon said plat:

"A building line for each of said lots is hereby established fifty feet southwardly from and parallel to the South line of Pine street, and no building is to be erected on said lots extending North of said line; but the steps and platform in front of the entrances may extend eight feet beyond the building line."

The first part of the subdivision sold and conveyed by the Rex Realty Company was Lots B, C and the east five feet of Lot D, Martha J. Sweringen being the purchaser thereof by deed dated October 17, 1895, and recorded in Book 1306 at page 297 in the office of said recorder of deeds. This conveyance contained the following provisions, purporting to subject all of thirteen lots comprising said subdivision to certain restrictions and limitations:

"PROVIDED, Nevertheless, and the conveyance hereby made is subject to these reservations, easements, restrictions, covenants and conditions, that shall remain in full force and effect for twenty-five years from the date of their deed, that is to say:

"1. The building line of the lot hereby conveyed shall be fifty feet from and parallel with the South line of Pine Street, as shown on said plat; and no building, or any part or portion thereof, shall, at any time, be erected or placed upon the space between said building line and said street; nor shall any projection of said building, of whatever character, be permitted to extend into or encroach upon said space, except that the steps and platform in front of the main door may extend over said building line not to exceed eight feet.

"2. But one building shall be erected or placed upon said lot, and such building shall never be used or occupied for any purpose except for that of private residence exclusively; nor shall any part or portion thereof ever be used or occupied except solely as a residence; nor shall such building be arranged or ever used or occupied as flats; nor shall said lot or any part thereof ever be used or occupied for trade or business of any kind whatever.

"3. As appurtenant to the residence and to be used only in connection with it, an outhouse, stable or other subsidiary building may be erected on the lot hereby conveyed.

"4. No building, the actual cost of which is less than Ten Thousand Dollars, shall be erected on said lot; nor shall any fence or enclosure of any kind be put on the side line of the lot between the street and the building line; nor shall the existing grade of the lot, for a distance of sixty feet from the street, be changed more than twenty-four inches, unless by consent of the party of the first part and of the owner of the adjoining lot on each side.

"And the said party of the second part accepts this conveyance subject to the easements, restrictions and conditions above set forth, and for herself, her heirs and assigns, covenants to and with the party of the first part, its successors and assigns, that, the said party of the second part will, and that her heirs and assigns shall forever faithfully observe and perform said several restrictions and conditions, and each of them. And if the said party of the second part, or any person claiming under her, shall at any time, violate or attempt to violate, or shall omit to perform or observe any one of the foregoing restrictions and conditions, it shall be lawful for any person owning a lot in 'Rex's Subdivision' which is subject to the same restriction or condition in respect to which the default is made, to institute and prosecute appropriate proceedings at law or in equity for the wrong done or attempted.

"And the said party of the first part hereby covenants to and with the said party of the second part, her heirs and assigns, that it will not at any time hereafter, convey or otherwise dispose of any lot in 'Rex's Subdivision,' except upon and subject to such restrictions and conditions, as are hereinbefore mentioned, and as are common to all the lots in said subdivision."

Plaintiff thereafter acquired title to said Lot A through conveyances from the Rex Realty Company to the St. Louis Union Trust Company, from the latter to the Fandel Realty Company and directly from said realty company by deed dated April 26, 1907, and recorded in Book 2020 at page 488 in the office of said recorder of deeds, said deed to plaintiff containing the following clause: "Subject to building line according to plat recorded in Plat Book 15, page 86, nuisance clause according to deed recorded in Book 453, page 313, and to restrictions according to deed recorded in Book 1306, page 297, of the St. Louis City Recorder's office."

Appellants are the owners of the west sixty (60) feet of said Lot C and the east ten (10) feet of said Lot D acquired by deed from S. Harper Barrett and husband, dated July 7, 1920, and containing, among other things, the following recital: "This conveyance is made subject to Restrictions as to building line according to plat recorded in plat book 15, page 86, also Conditions and restrictions according to deeds recorded in book 453, page 313, book 1306, page 297, and book 1123, page 168." The west sixty (60) feet of Lot C and the east five (5) feet of Lot D were acquired by mesne conveyances from the Rex Realty Company through the aforesaid Martha J. Sweringen and others, and the remaining five (5) feet were acquired by mesne conveyances from the Rex Realty Company through the St. Louis Union Trust Company and others. The deed from the Rex Realty Company to the St. Louis Union Trust Company was dated May 1, 1905, recorded in Book 1850 at page 10 in the office of said recorder of deeds, conveyed Lot A, the western 70 feet of Lot D, Lot E, the eastern 15 feet of Lot F, all of Lot H, and the western 73 feet of Lot J, and, among other things, contained this recital: "All of the above described real estate being subject to all restrictions now of record against same." The warranty clause thereof excepted "the restrictions hereinbefore mentioned."

The owners of the other lots comprising said subdivision were made parties defendant but only Thomas S. Maffitt and Sarah P. Maffitt appealed from the judgment rendered herein.

Appellants' principal contention is that the plat with the aforesaid certificate attached, when recorded, constituted a grant of the building line restriction, and no limitation upon its duration being specified therein this restriction must be deemed to continue until the parties thereto or their successors in interest agree upon its discontinuance. Respondent, on the other hand, insists that the duration of twenty-five years specified in connection with the restrictions named in deed to the first portion of this subdivision conveyed by the Rex Realty Company, to-wit, the aforesaid deed to Martha J. Sweringen, applies to the building line restriction as well as to the other restrictions named in said deed and limited its duration to a

period of twenty-five years from October 17, 1895, the date of this deed.

Easements and restrictions on real estate can be created only by grant. [Kuhlman v. Stewart, 282 Mo. 108, 115, 221 S. W. 31.] In 19 Corpus Juris, page 945, section 156, note 60, it is said: "So long as a tract remains in one ownership, there can be no dominant and servient tenements as between different portions, and the owner may rearrange the quality of any possible servitude.". Hill v. Bernheimer, cited thereunder, in effect holds that one who owns an entire tract or adjoining parcels of land, by distributing or redistributing the burdens of the various portions, creates no easement until a severance of title occurs. To like effect is Packer v. Mayor et al., 129 Atl. 406, 407. Hence, in this instance, notwithstanding the recorded plat with the certificate as to building line restriction indorsed thereon, it cannot be said that there was an effective grant of such easement or restriction until a severance of title occurred. Until some person other than the Rex Realty Company, owner of the entire subdivision, acquired title to some part thereof the owner of the whole had a perfect right to convey in any manner fairly agreed upon between it and the party to whom the first conveyance was made. [Kearney v. Kirkland, 279 Ill. 516, 523; Loomis v. Collins, 272 Ill. 221, 231; Eckhart v. Irons, 128 Ill. 568; Am. Unitarian Assn. v. Minot, 185 Mass. 589, 596.]

So, assuming for the sake of argument that silence of the plat and certificate indorsed thereon as to duration of the proposed building line restriction may be construed as meaning that it would be binding upon all persons subsequently purchasing thereunder until they should mutually agree to discontinue the same, the principal matter here for decision is the real intention, with reference to this restriction. of the parties to the first conveyance, to-wit, the above-mentioned deed from the Rex Realty Company to Martha J. Sweringen.

The intention of the parties is the paramount and controlling question. That intention is to be ascertained from the terms of the deed considered in the light of the circumstances surrounding the parties. Restrictions, being in derogation of the fee conveyed, will not be extended by implication to include anything not clearly expressed. [Missouri Province Educational Institute v. Schlect, 15 S. W. (2d) 770, 774, 322 Mo. 621, 630; Zinn v. Sidler, 268 Mo. 680, 689, 187 S. W. 1172; Conrad v. Boogher, 201 Mo. App. 644, 658, 214 S. W. 211; Kenwood Land Co. v. Hancock Investment Co., 169 Mo. App. 715, 722, 155 S. W. 861; Scharer v. Pantler, 127 Mo. App. 433, 437, 105 S. W. 668.] Doubts arising as to the intention of the parties must be resolved in favor of the free and untrammeled use of the land. [Kitchen v. Hawley, 150 Mo. App. 497,

503, 131 S. W. 142; American·Unitarian Assn. v. Minot, 185 Mass. 589, 595; Easterbrook v. Hebrew Ladies Orphan Society, 85 Conn. 289, 296; Van Duyn v. Chase & Co., 149 Iowa, 222, 225; Eckhart v. Irons, 128 Ill. 568, 582.] Where the time during which a restrictive covenant is to endure has not been expressly limited by the parties, it should be implied that some limitation was intended and that it was such as the nature of the case would indicate as reasonable. [Berry on Restrictions on use of Real Property, p. 39; Union Stock Yards Co. v. Nashville Packing Co., 140 Fed. 701, 705.]

We have already quoted at length from the deed to Martha J. Sweringen. The matter quoted embraces a full set of restrictions clearly stated under four separately numbered heads, all preceded and obviously modified by the provision that "the conveyance hereby made is subject to these reservations, easements, restrictions, covenants and conditions, that shall remain in full force and effect for twenty-five years," etc. The deed also contained a prior recital that the grantor had "imposed upon each lot in said subdivision, for the benefit of every other lot therein, conditions and restrictions in the use thereof, which so far as applicable to the lot hereby conveyed, are hereinafter set forth."

Certainly an effective building line restriction limits the use of a lot. The first numbered head of the restrictions set forth in this deed is devoted to the building line. Other numbered heads follow containing other restrictions upon the use of the land. The duration of twenty-five years fixed in the provision immediately preceding this complete recital of the restrictions imposed applies grammatically and logically to each of them. Restriction provisions though inartificially drawn have been so construed. [Best v. Nagle, 182 Mass. 495; Mary Welsh, petitioner, 175 Mass. 68, 70.] It would be unreasonable to suppose that the parties intended that the building line restriction should continue longer than the other restrictions named in the deed, which appellants concede were limited to the twenty-five-year period therein specified. For instance, the last clause under the second head of restrictions reads: "Nor shall said lots or any part thereof ever be used or occupied for trade or business of any kind whatever." It was surely not the intention of the parties that upon the expiration of this restriction the building line restriction should continue and thus seriously impair use of the lots for trade or business use. [Kearney v. Kirkland, 279 Ill. 516, 524, 525.]

Of course, if the duration fixed is applicable such words as "at any time," "ever," "never" and "forever" appearing in the restrictions must give way to the particular specification of their duration. [Dooley v. Greening, 201 Mo. 343, 354, 100 S. W. 43; Easterbrook v. Hebrew Ladies Orphan Society, 85 Conn. 289, 296; 18 C. J.; p. 268, sec. 227.]

Where the expressed intention of the parties to the first conveyance is so apparent there is no occasion to resort to subsequent conveyances for construction, but it is significant that the conveyances under which the parties hereto hold title, as well as nearly all of the other subsequent conveyances, make appropriate reference to the record of this first conveyance from the Rex Realty Company.

It plainly appearing that the building line restriction here in question has long since expired, we hold that the case was properly ruled and the judgment is affirmed. All concur.