259 S.W.2d 785 (1953)
LARKIN
v.
KIESELMANN et al.
No. 42944.
Supreme Court of Missouri, Division No. 1.
July 13, 1953.
Alfred L. Grattendick and Kenneth W. Grattendick, St. Louis, attorney for appellants.
J. E. Patton, St. Louis, attorney for respondent.
*786 HYDE, Presiding Judge.
Action to try and determine title to a tract of land 30 feet wide (fronting on Kingshighway Boulevard in St. Louis) and extending west 460 feet, which plaintiff claimed to own in fee simple. Defendants sought affirmative relief establishing their claim to a perpetual easement in this land as part of a private street. Therefore, title is involved so as to give this Court jurisdiction. Chapman v. Schearf, 360 Mo. 551, 229 S.W.2d 552. The Court adjudged title in plaintiff free from defendants' claim and defendants (owners of six adjoining tracts) have appealed.
The question for decision is whether the conveyance of lots by reference to a recorded plat, on which a tract of land 60 feet wide and 460 feet long is designated as a private street, creates a perpetual easement therein for street purposes in the purchasers of lots abutting on the tract and their successors in title. The land claimed by plaintiff is the south half of a private street designated as Margaretta Avenue on a plat of City Block 4385 filed for record by Joseph Weigand, September 1, 1905. This plat was made by the City Surveyor and is in words and figures, as follows:
CITY BLOCK 4385

*787 Plaintiff had a deed for the tract herein involved from heirs of Joseph Weigand, which recites, after the description of the property: "and shown as the Southern 1/2 of Margaretta Avenue, a private street 60 feet wide, on plat recorded in surveyors record book 8 page 71." This deed also states: "Subject to easements, conditions, restrictions and reservations as of record, if any." Tax receipts, 1936 to 1949 to Rudolph Weigand et al. for taxes on this tract only, were offered in evidence by plaintiff. Tax receipts, 1920 to 1933 to Joseph Weigand also offered by plaintiff show taxes paid by him on some of the lots in Block 4385 as well as on the tract herein involved.
Joseph Weigand conveyed Lot 1 to Andy and Christina Walcher, November 17, 1905, and it is now owned by their son, defendant Eddy Walcher. The deed contained a metes and bounds description and also the following: "being all of lot one and one-half of a private alley west thereof and the north one-half of a private street 60 feet wide south of said lot and alley according to a plat filed September 1, 1905, in Book 8, page 71, of the surveyors' records of the St. Louis City Recorder's Office. It is expressly understood and agreed by and between all the parties hereto that that part of the property included in the above description, situated south of the south line and west of the west line of said lot, as shown on said plat, is hereby reserved as and for private street and alley for the use and benefit of the grantees of the parties of the first part in said Block 4385 of the City of St. Louis." Other deeds by Joseph Weigand made similar references to the plat and street. One to Charles A. Anderson and Anna K. Anderson, his wife (one of defendants), dated July 20, 1923, contained the following description: "Lot 27 of a Subdivision of Block 4385 of the City of St. Louis, according to a plat recorded in Surveyor's Record Book 8, page 71, having a front of 30 feet on the center line of a private street 60 feet wide, called Margaretta Avenue, by a depth northwardly of 190 feet to the center line of an alley 15 feet wide; together with the improvements thereon."
There was considerable evidence about the present use of the street and some photographs in the record to show its condition. This is a dead end street, terminating at the plant of the Mississippi Valley Last Company across its west end. All of the north 30 feet of the street is surfaced with chat and cinders from Kingshighway west. In some places in the east 200 feet of the street the surfacing went south of the center of the street. The surfacing covers the whole 60 feet of about the west 250 feet. (Estimates of this distance in plaintiff's evidence ranged from 200 to 300 feet.) The south half of the west 250 feet is used mainly for turning cars around or for parking. The United Drug Company owns the land south of this street and has a fence there; and a city fireplug is also located there. The south half of the street (claimed by plaintiff) slopes up-grade to the west from Kingshighway to what the witnesses described as a "hump". The traveled part of the street narrows at the "hump" but there was evidence that even there five or six feet of the south half of the street was used for traffic. The testimony indicated that the "hump" made about 100 feet of the south half of the street impassable to vehicles, but people walked over it. The street is used by garbage trucks, milk wagons and delivery trucks, as well as by the residents of the street. If they could not use the south half of the street, to turn around at the west end, they would have to back out. Defendants are residents of the street; the owners of eleven tracts on the north side, some of these tracts consisting of more than one lot, were sued by plaintiff.
Plaintiff says an easement can be created only by grant and that there must be a dominant and servient estate, citing Gardner v. Maffitt, 335 Mo. 959, 74 S.W.2d 604, 95 A.L.R. 452; Zinser v. Lucks, 361 Mo.Sup. 671, 235 S.W.2d 844; Marshall v. Callahan, Mo.App., 299 S.W.2d 730; and seems to take the position that there was neither a specific grant by Joseph Weigand *788 nor a reservation in the deed to plaintiff which could create an easement in defendants or their predecessors in title. However, when property sold is described in a conveyance by reference to a plat upon which streets are shown, there is an implied grant of an easement therein which is deemed a part of the property to which the grantee is entitled. 17 Am.Jur. 958, Sec. 47; 28 C.J.S., Easements § 39, p. 701. "If one conveys lots by a map or plat, which represents the lot as bounded upon such road or way, and the map or plat is referred to in the deed, a right of way over it passes as part of the grant of each lot as an easement appurtenant thereto. * * * The plan or map so referred to becomes an essential part of the conveyance, and has the same effect that it would have if copied into the deed. * * * A plan or map showing a street or public square cannot subsequently be changed so as to affect the rights of one who has purchased with reference to such plan or map, without his assent." Jones on Easements, p. 192, Sec. 231, p. 194, Sec. 234; see also Washburn's Easements and Servitudes, p. 203; Annotation 7 A.L.R.2d 607; Carlin v. Paul, 11 Mo. 32; City of Laddonia v. Day, 265 Mo. 383, 178 S.W. 741; Hetzler v. Millard, 348 Mo. 198, 153 S.W.2d 355; Smith v. City of Hollister, Mo.App., 238 S.W.2d 457, loc. cit. 463; United States v. 11.06 Acres of Land in City of St. Louis, D.C., 89 F.Supp. 852. As these authorities show, such an implied grant operates in favor of the grantees regardless of whether there is a dedication to the public. As to plaintiff's contention, also based on Gardner v. Maffitt, supra, as to the necessity of a dominant and servient estate, it is plain from these authorities that when lots were conveyed by Joseph Weigand, they were the dominant estate and the land shown on the plat as Margaretta Avenue became the servient estate.
Therefore, it is clear that plaintiff took title to the tract conveyed to her by the Weigand heirs subject to the easement of the lot owners for its use as a private street. They could not convey it otherwise. In fact, the deed upon which she relies recognizes this because it too refers to the recorded plat, giving the book and page where it is recorded, describes the land conveyed as the southern one-half of Margaretta Avenue, and states that it is subject to easements of record. (See Sections 445.010-445.090 RSMo 1949, V.A.M.S. concerning recording of plat and penalties for selling lots without doing so; when Weigand's plat was made these were Sections 8955-8961 RS 1899.) While the conveyances to the lot purchasers only gave them title to the center of the street, we hold that it gave them an easement for street purposes in all of the southern half of it. We further hold that plaintiff took title to the southern half of the street as a servient estate subject to the easement of the lot owners to use all of it as a street. Establishment of a private road by prescription or under Section 228.340 RSMo 1949, V.A.M.S. (also briefed by plaintiff) is not involved in this case.
Plaintiff says that defendants' claim is in the nature of estoppel and that this is an affirmative defense which must be pleaded under Section 509.090 RSMo 1949, V.A.M.S. However, defendants' answer stated: "That each of the aforesaid defendants own property that abuts on to the property allegedly owned by the plaintiff herein; that the property allegedly owned by the plaintiff herein is the south 30 feet of a private street named and known as Margaretta Avenue, being 60 feet wide, and the north 30 feet of said private street is owned by the respective defendants; that by dedication and by reference and by implication, the defendants herein own and possess, respectively, a perpetual easement in and to the property allegedly owned by the plaintiff, said easement being right to use said property as a private street." Since plaintiff did not attack this pleading in the trial court, or ask that it be made more definite or specific, we hold that it is sufficient notice of defendants' claim for consideration of this question on appeal.
The fact that there is a hillside or hump which prevents driving automobiles over part of the tract makes no difference in the rights of the lot owners to *789 use it as a street. It has certainly not been abandoned because some use is made of all of it, with considerable use of most of it. It has been held that the fact that a portion of an avenue, shown on a plat, can be used only for a footpath, does not destroy a lot purchaser's rights in it. Douglass v. Belknap Springs Land Co., 76 N.H. 254, 81 A. 1086, 37 L.R.A.,N.S., 953. It has also been held that obstructions in an avenue, in existence at the time a lot was conveyed with reference to a plat, did not narrow the part that the lot owner had the right to use as a street. Williamson v. Salmon, 105 Misc. 485, 173 N.Y.S. 617. Likewise, it has been held immaterial to a grantee's right to a private easement that the strip of land designated as a street had not yet been used and was not part of a public street. Eltinge v. Santos, 171 Cal. 278, 152 P. 915; see also Fiebelkorn v. Rogacki, 280 App.Div. 20, 111 N. Y.S.2d 898. And it also makes no difference, as to the acquisition of a private easement, whether a designated alley extends from one street to another or is a cul-de-sac. Westbrook v. Comer, 197 Ga. 433, 29 S.E.2d 574. This case also holds that mere nonuser, without intent to abandon, will not constitute an abandonment or waiver of the right to use an easement acquired by a grantee to whom conveyance is made by reference to a plat. See also Barnes v. Cheek, 84 Ga.App. 653, 67 S.E.2d 145. Such an easement as the one herein involved is not based upon dedication to the public but is a private right in no way dependent upon prospective public use. See Arnold v. Boulay, Me., 83 A.2d 574. We, therefore, hold that the original grantees acquired and their successors in title have a perpetual easement for a private street in the whole length and 60-foot width of Margaretta Avenue as shown on the plat of City Block 4385, and that plaintiff's title is subject to this easement.
The judgment is reversed and the cause remanded with directions to enter judgment establishing defendants' rights in this street as herein stated.
All concur.