BIG RIVER HILLS ASSOCIATION, INC., Plaintiff–Respondent,

v.

Ewald W. ALTMANN and Ruth Altmann, et al., Defendants–Appellants.

No. 53400.

Missouri Court of Appeals, Eastern District, Southern Division.

March 22, 1988.

John M. Williams, Flat River, for defendants-appellants.

Maurice G. Graham, Daniel P. Fall, Fredericktown, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendants, property owners, appeal from a judgment for plaintiff for the amount of subdivision assessments plus collection costs and the imposition of a special lien on their lots in the subdivision. We affirm.

Plaintiff Big River Hills Association, Inc. (the Association), is a Missouri non-profit corporation organized for the purpose of acquiring, owning, managing, maintaining, and operating common areas and facilities of the "Big River Hills Jasu Estates Subdivision." Defendants Ewald W. Altmann and Ruth Altmann are the owners of three lots in the subdivision, and defendants Edward M. Seemiller and Mary Seemiller are the owners of one lot in the subdivision which was established by Big River Hills, Inc. On November 11, 1971, Big River Hills, Inc., recorded in the Office of the Recorder of Deeds in St. Francois County, Missouri, a document entitled "Declaration of Restrictions, Limitations, and Uses of Big River Hills, Jasu Estate Plat." The preamble of the declaration of restrictions in pertinent part reads as follows:

WHEREAS, it is the intention of the owner of the property known as "Big River Hills, Jasu' Estates Plat:, to sell and convey to purchasers thereof the said Tracts ... and ... the deed to said property, with certain restrictions as to the use of the land and kind and character of buildings and structures to be placed thereon; and

WHEREAS, said subdivision was laid out and platted and plats are to be filed for the purpose of creating and preserving a uniform plan for a beautiful, clean, modern and attractive subdivision and

for the protection of the individual owners and purchasers and of all owners and purchasers, collectively, against unsightly structures and buildings, fire, danger of fire, unsanitary conditions and unsafe conditions in said subdivision and purpose;

THEREFORE, in order to carry out the plans and purposes herein set out, it is hereby resolved and declared by the owners of the "Big River Hills, Jasu' Estates Plat" aforesaid that all Tracts in said subdivision hereafter sold and conveyed shall be sold and conveyed subject to, and shall hereafter be subject to, the express restrictions, limitations, reservations and uses hereinafter set out and shall be binding upon all successors in title, to any of said Tracts, their heirs and assigns, as fully as if set out in full in any deed or conveyance of title hereafter made and delivered to any party or parties by the owner of said "Big River Hills, Jasu' Estates Plat" or their successors in title; ...

The following paragraphs in the declaration provide the relevant restrictions:

10. As a part of the consideration for the sale of this lot, the Corporation [Big River Hills, Inc.] shall have the right to assess the owner of the lot after January 1, 1972, and each succeeding January 1st thereafter such sum as the Corporation shall deem necessary for the upkeep and maintenance of the river front, roads, and other improvements, provided, however, that in no event shall said assessment exceed the sum of $50.00 per five (5) acre tract per year; and, the assessment as levied each year shall be and become a lien without filing of suit or legal procedure to establish such lien on said tract if not paid within thirty days after January 1st of the year in which the assessment is made.

....

12. After seventy-five percent (75%) of the tracts in each separate platted area of- the development have been sold and title thereto conveyed, the Corporation may cause to be incorporated a nonprofit corporation under the laws of the State of Missouri, hereinafter referred to as the Association and upon the formation of such Association, every owner of a full building site in that platted area shall become a member therein, and each such owner, including the Corporation, shall be entitled to one vote on each matter submitted to a vote of members for each lot or tract owned ...

The Association, by vote of two-thirds (⅔rds) of its members, may adopt such reasonable rules and regulations as it may deem advisable ...

The Corporation at its discretion may by instrument in writing convey, release, and quit claim, to the Association, all and any right, title and interest, it may have in and to the said parkways, walkways, roads, and other similar improvements, and all or any other rights it may have in said separate platted area, ...

....

14. Before the formation of any Association, as hereinabove provided for in Paragraph 12 hereof, the Corporation shall have the sole right to change or modify the restrictions and covenants herein contained.

The declaration of restrictions was filed in the recorder's office on November 11, 1971.

On January 15, 1973, Big River Hills, Inc., adopted the first amendment to the restrictions, the substance of which is not relevant. The Seemillers purchased a ten acre lot in the subdivision on December 20, 1973, and the Altmanns purchased three lots, each comprised of ten acres, between August 1974 and July 1976. Each of the deeds of defendants specifically provided it was "subject to the restrictions, limitations, reservations, and uses as provided in the instrument recorded in Book 543 at page 706 et seq of the Land Records of St. Francois County, Missouri," (the declaration of restrictions).

On December 13, 1978, Big River Hills, Inc., adopted the second amendment to the declaration of restrictions. It amended paragraph 10 of the original restrictions to state, "the Corporation shall have the right to assess the owner of the lot ... such sum as the Corporation shall deem necessary

for the upkeep and maintenance of the river front, lots and other improvements, provided, however, in no event shall said assessment exceed the sum of $75.00 per five acre tract." Amended paragraph 10 also provides that the assessment, as levied each year, shall become a lien on the lot without the filing of a lawsuit and that the owner shall pay all cost of collection of the assessment, including attorney fees, if such assessment is not paid within thirty days after January 1 of the year which in the assessment is made.

On June 8, 1983, Big River Hills, Inc., adopted a third amendment to the declaration of restrictions, providing for the amendment of paragraph 12 of the original restrictions. Amended paragraph 12 provides that after only 50 percent of the total lots in the platted areas of the development have been sold the corporation can incorporate a non-profit corporation referred to as the "Association" and that each lot owner shall become a member thereof.

Pursuant to amended paragraph 12, on June 23, 1983, the Association, a non-profit corporation, was formed. On December 27, 1983, Big River Hills, Inc., conveyed to the Association all of its rights, privileges, and powers set forth in the declaration of restrictions. Relying on amended paragraph 10, Big River Hills, Inc., assessed the property owners at $75.00 per five acre tract in 1983, and the Association assessed the same amount in 1984.

In 1983, the Altmanns were assessed under amended paragraph 10 the total amount of $420.00 on their three lots (with a discount for owning more than one ten acre lot), but they paid only $280.00, the amount they would have been assessed under the original paragraph 10 provision. An identical assessment was made against them in 1984, and they again paid $280.00. The Seemillers were assessed $150.00 in 1983 under amended paragraph 10, and they paid only $100.00, the amount they would have been assessed under the original assessment provision. The same assessment and payment were made in 1984.

The Association brought suit to recover the past due subdivision assessments for 1983 and 1984, collection costs, attorney fees, and to have the court impose a special lien upon defendants' property located in the subdivision. The case was submitted to the court upon an agreed statement of facts and the testimony of George S. Bangert, the principal incorporator and shareholder of the developer Big River Hills, Inc., and of JoAnn Foeller, secretary of the Association. The court found in favor of the Association, and it found that the Altmanns owed the sum of $280.00 plus interest and that the Seemillers owed the sum of $100.00 plus interest. The court also ordered the Altmanns and the Seemillers each to pay $500.00 in collection costs, and a special lien was imposed on defendants' property in the subdivision for the amount of the judgment.

Defendants appeal, bringing several points and subpoints which they contend support a reversal of the trial court's judgment. However, we are confronted basically with one issue: could Big River Hills, Inc., the grantor, amend the assessment covenant in the original declaration of restrictions, paragraph 10, to increase the maximum limit on assessments, pursuant to the reserved authority to amend the restrictions contained in paragraph 14, after selling and conveying lots to defendants?

In reviewing a judgment of the trial court, this court must sustain the trial court's decision unless there is no substantial evidence to support its judgment, unless the judgment is against the weight of the evidence, or unless the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

It has been generally accepted by courts that if a grantor, who conveys a tract of his real property subject to restrictive covenants, reserves the right to amend, modify, or remove those restrictions, he may do so without the consent of the grantee. *See Kiwala v. Biermann*, 555 S.W.2d 663 (Mo.App.1977); 20 Am.Jur. 2d *Covenants, Conditions and Restrictions*, § 269; 26 C.J.S. *Deeds*, § 168; Annot., 4 A.L.R.3d 570 (1965). Moreover, in

amending or modifying the restrictions pursuant to the reserved power, the grantor is entitled to adopt covenants that are either more or less restrictive, unless the reservation of power is limited. *See Johnson v. Three Bays Properties # 2, Inc.,* 159 So.2d 924, 926 (Fla.Dist.Ct.App.1964).

Defendants do not challenge the principle that a grantor can reserve the power to amend the restrictions on conveyed property. However, they contend the trial court erred in ordering judgment for the Association by allowing the reserved power to amend paragraph 14 to control over the language of paragraph 10, which limits the amount of the assessment. They allege that paragraph 10 is a separate contract and that there was no lawful modification of it because there was no additional exchange of consideration. Defendants emphasize the first phrase of paragraph 10, which states, "[a]s a part of the consideration for the sale of this lot."

Generally the rules governing construction of restrictive covenants on realty are the same as those applicable to any covenant or contract. *Newmark v. L & R Development Corp.,* 615 S.W.2d 118, 119 (Mo.App.1981). Whether a contract is entire or severable is a question of intention, to be gathered from the language used and the subject matter of the agreement. *Rexite Casting Co. v. Midwest Mower Corp.,* 267 S.W.2d 327, 331 (Mo.App.1954).

We do not believe paragraph 10 is a separate, severable covenant, despite the first phrase of the paragraph. In this case the restrictive covenants are contained in one document, the declaration of restrictions filed with the county recorder. The 23 restrictions appear in paragraphs, numbered sequentially on four pages. The document begins with a preamble, setting forth the purpose of the developer: "creating and preserving a uniform plan for a beautiful, clean, and modern and attractive subdivision and for the protection of the individual owners." Pursuant to this purpose the restrictive covenants govern building size and set-back requirements, residential use restrictions, garbage disposal, and other restrictions. Paragraph 10 provides for a yearly assessment against property owners to pay for maintenance of common property. Each of defendants' deeds contains a reference, not to a series of separate restrictions, but to the declaration of restrictions document. Thus, the document was made part of the sale and conveyance of the property. From the four corners of the declaration of restrictions and the circumstances surrounding it, we conclude it was the intent of the grantor to create an entire contract, not severable covenants.

Because the declaration of restrictions is a unitary agreement, paragraphs 14 and 10 must be read in context, not separately. *See Phillips v. Schwartz,* 607 S.W.2d 203, 208 (Mo.App.1980). The primary objective of the court in construing restrictive covenants is to ascertain the intention of the grantor. *Udo Siebel–Spath v. Construction Enterprises, Inc.,* 633 S.W.2d 86, 88 (Mo.App.1982); *see Strauss v. J.C. Nichols Land Co.,* 327 Mo. 205, 37 S.W.2d 505, 508 (1931).

Paragraph 14 provides that "the Corporation shall have the sole right to change and modify the restrictions and covenants herein contained." This language is clear and unambiguous. It makes no exceptions and contains no limitations. The obvious intent of the grantor-covenantor Big River Hills, Inc., in paragraph 14 was to reserve the unilateral power to amend any or all of the restrictions until the Association was formed and acquired its rights and powers under the declaration of restrictions.

Defendants rely on the following language in paragraph 10: "in no event shall said assessment exceed the sum of $50.00 per five (5) acre tract per year." They would have us construe paragraph 10 to prohibit the developer from changing that paragraph, despite the unambiguous language of paragraph 14. We do not believe this construction comports with the intent of the grantor as shown in the declaration of restrictions. Nor do we believe such a construction is mandated, based on a reading of the entire paragraph in the context of the declaration of restrictions. Defendants' point is denied.

Defendants also contend the judgment cannot stand because the Association failed to plead or prove that the increased assessment was necessary and reasonable for the preservation of the subdivision; therefore, the court had no equitable power to confirm the increase in assessment. This argument misses the mark. The Association did not file suit asking a court of equity to confirm an increased assessment or to increase the assessment; it sued defendants to enforce the restrictive covenant which had been amended to increase the assessment by Big River Hills, Inc., pursuant to a reserved power to amend the covenants.

Judgment affirmed.

CRIST, J., and SIMEONE, Senior Judge, concur.