Douglas J. REINECKE and Joyce C. Lamke, Plaintiffs/Respondents,

v.

William J. KLEINHEIDER and Verna M. Kleinheider, Defendants/Appellants.

No. 58112.

Missouri Court of Appeals, Eastern District, Division Four.

March 5, 1991.

Steven Paul Kuenzel, James William McGettigan, Jr., Washington, for defendants/appellants.

Larry G. Mittendorf, Union, for plaintiffs/respondents.

CARL R. GAERTNER, Judge.

Plaintiffs, the owners of Lot 1 of Kleinheider Subdivision, filed this action on March 21, 1989, seeking to enjoin defendants, William J. and Verna M. Kleinheider, from constructing multiple family dwellings on the other three lots of the subdivision in violation of Paragraph 8 of the recorded Restrictions governing the subdivision. In their petition plaintiffs alleged that William and Verna Kleinheider owned Lots 2, 3, and 4 of the subdivision, that Paragraph 8 of the recorded Subdivision Restrictions provided for a limitation of one home on any lot, that defendants had filed plans with the Franklin County Building Office for the construction of multiple family dwellings on Lots 2, 3, and 4 and had commenced construction thereof and that the change in the nature of the neighborhood from single family to multiple family dwellings would cause a depreciation in the value of plaintiffs' property. No answer to this petition was filed by defendants. Rather, on April 25, 1989, defendants filed a motion to dismiss plaintiffs' petition as moot. The motion, supported by the affidavit of defendants' son, Dennis Kleinheider, alleged that Dennis was the owner of Lot 4, Bernard Holdmeyer was the owner of Lot 3, and defendants William and Verna Kleinheider were the owners of Lot 2, that pursuant to Paragraph 16 of the restrictions authorizing amendment to the restrictions by a vote of two-thirds of the then owners of lots, these owners had on April 10, 1989 amended Paragraph 8 to permit construction of multiple family dwellings in the subdivision. No other pleadings were filed.

On August 4, 1989, the parties appeared, the court took the motion to dismiss under submission and proceeded to hear evidence on the petition for permanent injunction. Plaintiff Douglas Reineicke testified that in 1987, he and his wife purchased Lot 1 from defendants and constructed their home in reliance upon the recorded restrictions and the oral assurance of William Kleinheider that no multiple family dwellings would be

built in the subdivision. However, in February 1989, he observed the commencement of construction on Lots 3 and 4 and discovered that building permits for the construction of duplexes on the three lots had been issued on February 16, 1989. A qualified real estate appraiser testified the value of plaintiffs' property was reduced between fifteen and twenty percent by reason of the construction of multiple family dwellings.

Defendant William Kleinheider denied any conversation with plaintiffs regarding the restrictions against multiple family dwellings. He testified that he had undertaken no action regarding any construction on Lot 2 and that he understood his son and Holdmeyer had each built a three family dwelling on the lots they had purchased from him.

After the parties rested, the court called as its own witnesses Dennis Kleinheider and Bernard Holdmeyer. Dennis testified that he became the owner of Lot 4 sometime in April of 1989. He obtained the building permits on behalf of himself, his parents, and Holdmeyer. He and Holdmeyer had each built a three family residence on their respective lots. Holdmeyer corroborated this testimony. He testified that although he had started construction in February, he did not become the owner of Lot 3 until sometime in April, 1989. He could not recall the exact date.

On January 30, 1990 the court issued its findings of fact, conclusions of law, and judgment. The court found that Lots 3 and 4 were owned by Dennis Kleinheider and Bernard Holdmeyer "at least by May of 1989", that plaintiffs purchased their property under the restrictions and constructed a conforming single family residence and that the value of plaintiffs' property would be adversely affected by the proximity of multiple family dwellings. The court concluded that Paragraph 16 of original restrictions, providing they were to be binding for a period of fifteen years, should be given effect. Therefore, the amendment signed April 10, 1989, could not be enforced until December 5, 2002, and "defendants are enjoined from the con-

struction and/or operation of anything but a single family residence on the Kleinheider Subdivision until December 5, 2002."

Defendants' appeal contending the trial court erred in failing to sustain their motion to dismiss and in entering judgment for plaintiffs because of the April 10, 1989 amendment to the restrictions, because the restriction "not more than one home shall be constructed on any lot" does not preclude multiple family dwellings and because plaintiffs have an adequate remedy at law in the form of monetary damages and were therefore not entitled to injunctive relief. We address these issues in reverse order.

■ Defendants correctly assert that the evidence showing the value of plaintiffs' property to be $80,000 and that the value thereof was reduced between fifteen and twenty percent by reason of the proximity of the multiple family dwellings would support an award of monetary damages. However, plaintiffs did not seek such relief. Moreover, the evidence did not show plaintiffs entitled to monetary damages from the named defendants. The record is devoid of any evidence that William or Verna Kleinheider constructed or had any relationship to the construction of multiple family dwellings in the subdivision. Dennis Kleinheider and Bernard Holdmeyer are not parties to this action and plaintiffs have not sought any relief against them. Therefore, because plaintiffs could not obtain monetary damages from the defendants in this action, they are not precluded from seeking equitable relief from the threatened construction of a multiple family structure pursuant to the issuance of a building permit authorizing such construction on the lot owned by the named defendants.

■ We also find no merit in defendants' contention that the original restrictive covenant, that "not more than one home shall be constructed on any lot", did not preclude the building of multiple family dwellings. Defendants rely upon two decisions, *Pank v. Eaton*, 115 Mo.App. 171, 89 S.W. 586 (1905) and *Morrison v. Hess*, 231 S.W. 997 (Mo. banc 1921), in which restrictive cove-

nants limiting construction to one *house* per lot were held not to prohibit multiple family dwellings. Defendants' reliance is misplaced. We perceive a significant distinction between the commonly accepted meanings of the words "home" and "house". "Home" connotes people residing together as a family unit. "House" refers to any type of structure in which people reside. The primary meaning of the word "home", as found in *Webster's Third New International Dictionary of the English Language, Unabridged* (1981), is "the house and grounds with their appurtenances habitually occupied by a family." "House" is defined therein as "a structure intended or used for human habitation: * * * a building contain living quarters for one or a few families." As succinctly stated, albeit in an entirely different context, "a house is not a home."

We find the restrictions as originally drafted utilized the word "home" for the purpose of limiting construction to a single family residence on each lot. This conclusion regarding the original intent of the restriction is strengthened by the perceived need of the defendants, the drafters of the original restrictions, to revise the restrictions in order to permit construction of multiple family dwellings after the commencement of this action.

■ Defendants' final point on appeal relates to the validity of the April 10, 1989 amendment of the restrictions. The trial court, citing *Gardner v. Maffitt,* 335 Mo. 959, 74 S.W.2d 604 (1934), ruled that when a term of years is stated in a restrictive covenant, that term is to be given effect regardless of "language like 'at any time, never, forever, etc ...'". Therefore, the trial court concluded, because the original restrictions provided they were to be binding for fifteen years, the additional provision authorizing amendment by a vote of two-thirds of the then owners of lots "at any time" was not to be given effect for fifteen years. We disagree. *Gardner* has nothing to do with an expressed power of amendment to restrictive covenants. Rather *Gardner* holds that a covenant not to convey real estate "at any time hereafter" except subject to recorded restrictions which lapsed after twenty-five years, did not serve to extend that twenty-five year life of the restrictions for all eternity. Contrary to the trial court's conclusion, "[i]t has been generally accepted by courts that if a grantor, who conveys a tract of real property subject to restrictive covenants, reserves the right to amend, modify, or remove these restrictions, he may do so without the consent of the grantee." *Big River Hills Assoc., Inc. v. Altmann,* 747 S.W.2d 738, 741 (Mo.App.1988).

■ Nevertheless, having reviewed the evidence, we are convinced the trial court reached the proper result by enjoining the named defendants from constructing a multiple family dwelling. On appeal from a judge-tried case, the appellate court is concerned with the correctness of the result, not with the route taken to reach that result. *Morgan v. Morgan,* 755 S.W.2d 737, 740 (Mo.App.1988); *Payne v. Payne,* 728 S.W.2d 635, 638 (Mo.App.1987).

■ An affirmative defense is asserted by the pleading of additional facts not necessary to support a plaintiff's case which serve to avoid the defendants' legal responsibility even though plaintiffs' allegations are sustained by the evidence. *Parker v. Pine,* 617 S.W.2d 536, 542 (Mo.App.1981); *Shaw v. Burlington Northern, Inc.,* 617 S.W.2d 455, 457 (Mo.App.1981). Rule 55.08 requires that any matter constituting an avoidance or an affirmative defense must be pleaded. In the trial of this case, the court and the parties treated defendants' motion to dismiss as though it were an answer raising the issue of mootness as an avoidance or an affirmative defense. It is axiomatic that the burden of proving an affirmative defense rests upon the party asserting it.

■ Defendants' contention that plaintiffs' claim is moot is dependent upon the validity of the April 10, 1989 amendment. Paragraph 16 of the original restrictions authorized amendment by a vote of two-thirds of the *then* owners of lots. In the context of the sentence the word "then" grammatically refers to the time of the vote, in this case April 10, 1989. Both

Bernard Holdmeyer and Dennis Kleinheider testified that they could not remember the date in April in which the purchase of their respective lots was closed. Thus, there was no evidence to support a finding that either of them was a lot owner on April 10, 1989, and entitled to vote upon an amendment to the restrictions. Defendants' failed to sustain their burden of proving the amendment was approved by two-thirds of the *then* owners of lots.

In summary, plaintiffs alleged and the evidence showed, that a permit for a multiple family structure was issued for Lot 2 of Kleinheider Subdivision which was owned by defendants William and Verna Kleinheider, that construction of a multiple family dwelling thereon would be in violation of the recorded restrictions and would cause a lessening of the value of plaintiffs' property. Defendants failed to adduce evidence showing that plaintiffs' claim was moot because of a valid amendment to the restrictions. Therefore, on the present state of the record and under the evidence adduced at trial of this case, plaintiffs are entitled to injunctive relief against defendants William and Verna Kleinheider. However, the court erred in ruling that the original restrictions could not be amended until fifteen years after their adoption. The decree must be modified to strike therefrom the provision that the injunction against defendants is to continue in effect until December 5, 2002.

The judgment is affirmed as modified. Costs assessed against defendants.

SMITH, P.J., and SATZ, J., concur.